JOURNAL ENTRY AND OPINION
Appellant, Richard Sandoval, appeals from the order of the Cuyahoga County Court of Common Pleas, Juvenile Division, committing him to the Ohio Department of Youth Services.
On October 28, 1999, appellant was adjudicated delinquent after he entered an admission to one count of burglary, a felony of the second degree if committed by an adult. On December 3, 1999, the juvenile court committed appellant to the Youth Development Center (YDC) in Hudson, Ohio for institutional and aftercare services and ordered him to obey the institutional and aftercare rules. Appellant was released from the YDC to the custody of his mother on June 19, 2000. On September 8, 2000, the Aftercare Program of the Division of Treatment Services notified the juvenile court that appellant was not adhering to the aftercare rules in that he had missed several of his aftercare appointments and refused to submit to scheduled urinalyses; had failed to participate in an outpatient substance dependence group; and had tested positive for marijuana on three prior occasions.
On September 19, 2000, Martha Jones, YDC Liaison Officer, moved the juvenile court to find appellant in violation of the December 3, 1999 court order. On January 9, 2001, the juvenile court held a hearing before a magistrate. The magistrate's journal entry states that appellant voluntarily admitted violating the court's order; however, the hearing was not recorded. On February 5, 2001, a second hearing was held before a magistrate at which appellant admitted to violating the December 3, 1999 court order. On February 9, the juvenile court adopted the magistrate's recommendation that appellant be committed to the Ohio Department of Youth Services (DYS) for institutionalization in a secure facility for a minimum period of twelve months and a maximum period not to exceed appellant's twenty-first birthday. From the court's order, appellant assigns the following errors:
 I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO CREATE A COMPLETE RECORD IN VIOLATION OF JUV.R. 37(A).
 II. THE TRIAL COURT VIOLATED RICHARD SANDOVAL'S RIGHT TO DUE PROCESS AND NOTICE AS GUARANTEED BY THE FIFTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION WHEN IT IMPOSED A DYS COMMITMENT FOR A COURT ORDER VIOLATION, BUT HAD NOT PREVIOUSLY IMPOSED UPON HIM A SENTENCE OF INCARCERATION AND WHEN HE DID NOT PREVIOUSLY KNOW THAT INCARCERATION WAS A POSSIBILITY.
 III. THE TRIAL COURT VIOLATED RICHARD SANDOVAL'S RIGHT TO THE EQUAL PROTECTION OF THE LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 2 OF THE OHIO CONSTITUTION WHEN IT FAILED TO INFORM HIM OF THE POSSIBLE COMMITMENT TO BE IMPOSED UPON VIOLATING CONDITIONS OF HIS SENTENCE.
 IV. RICHARD SANDOVAL'S ADMISSION WAS NOT KNOWING, INTELLIGENT, AND VOLUNTARY, IN VIOLATION OF THE FIFTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION, AND JUV.R. 29, WHERE THE TRIAL COURT FAILED TO ADEQUATELY EXPLAIN THE POSSIBLE CONSEQUENCES OF THE ADMISSION.
 V. RICHARD SANDOVAL'S RIGHT NOT TO BE TWICE PUNISHED FOR THE SAME OFFENSE AS GUARANTEED BY THE DOUBLE JEOPARDY CLAUSES OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION WAS VIOLATED WHEN THE JUVENILE COURT CHANGED RICHARD'S SENTENCE AFTER HE SUCCESSFULLY SERVED HIS ORIGINAL SENTENCE.
 VI. RICHARD SANDOVAL WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION, R.C. 2151.352 AND JUV.R. 4(A), AND 29(B) BY THE REPRESENTATION PROVIDED BY HIS ATTORNEY WHEN HIS ATTORNEY PROVIDED NO ADVOCACY AND WAS NOT FAMILIAR WITH JUVENILE SENTENCING GUIDELINES.
We will first address appellant's second and third assignments of error. In his second assignment of error, appellant alleges that the juvenile court violated his due process rights by imposing a DYS commitment for violating its order when the court did not inform him at his initial dispositional hearing that he could be incarcerated if he failed to abide by aftercare rules. In his third assignment of error, appellant alleges that the juvenile court violated his right to equal protection when it failed to inform him at his initial dispositional hearing of the possible commitment to be imposed upon violating the conditions of his sentence.
We are unable to review these assignments of error because appellant has not provided us with a transcript from the dispositional hearing in which the juvenile court committed him to the Youth Development Center. We note that appellant has made no allegation that the dispositional hearing was not recorded as mandated by Juv.R. 37. Without a transcript, this court is unable to ascertain whether the juvenile court informed appellant that he could be placed in a secure facility until his twenty-first birthday if he violated aftercare rules. Appellant's second and third assignments of error are overruled.
In his fourth assignment of error, appellant alleges that his admission to violating the December 3, 1999 court order was not entered knowingly, voluntarily, and intelligently. Appellant contends that the juvenile court erred in accepting his admission without determining whether he understood the consequences of the admission.
Juv.R. 29(D) governs the procedure upon entry of an admission and provides in part:
 The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 (1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission; (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.
* * *
A review of the transcript from the hearing in which appellant admitted to having violated the court's order reveals that the juvenile court failed to explain to appellant that he could be committed to the Department of Youth Services for that violation. Because the juvenile court did not explain the possible consequences of his admission as is required by Juv.R. 29(D), we cannot conclude that appellant entered a voluntary admission. Appellant's fourth assignment of error has merit.
In his fifth assignment of error, appellant alleges that the juvenile court violated his right not to be punished twice for the same offense in violation of the Double Jeopardy Clause. Appellant contends that he completed his sentence when he successfully completed the Youth Development Center program and that revoking his aftercare probation and imposing a commitment to the Department of Youth Services is a second punishment for the initial delinquency charge.
We agree with the Tenth Appellate District's reasoning in In re: Kelly (Nov. 7, 1995), Franklin App. No. 95APF05-613, unreported, which determined that committing a juvenile to a detention center after he violated his probation did not punish him twice for the same offense. As the court stated:
 Even though the sanctions [of probation and commitment to a detention center] were imposed in separate proceedings and both sanctions were clearly punishment, appellant's resentencing did not violate the Double Jeopardy Clause. The probation violation constituted a separate and distinct act; therefore, appellant's incarceration did not constitute multiple punishment for the same offense. [citations omitted].
The commitment to the Department of Youth Services is a separate punishment for appellant's violation of the December 3, 1999 court order apart from the punishment appellant received for committing the offense of burglary; therefore, we cannot conclude that the juvenile court violated appellant's rights under the Double Jeopardy Clause. Appellant's fifth assignment of error has no merit.
The disposition of appellant's fourth assignment of error renders appellant's first and sixth assignments of error moot.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J., CONCURS. TERRENCE O'DONNELL, J., CONCURS (WITH SEPARATE CONCURRING OPINION)